**In re Albert John DUTT, dba Haybuster of Aberdeen, Aberdeen, SD, Debtor.**

**William J. PFEIFFER, Trustee in Bankruptcy, Plaintiff,**

v.

**HAYBUSTER MANUFACTURING, INC., Defendant.**

**Bankruptcy No. 180–00014.
Adv. No. 180–0020.**

United States Bankruptcy Court,
D. South Dakota.

Feb. 4, 1981.

William J. Pfeiffer, Aberdeen, S. D., pro se.

Raymond M. Schutz, Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, S. D., for defendant.

PEDER K. ECKER, Bankruptcy Judge.

William J. Pfeiffer, as Trustee for the bankruptcy of Albert John Dutt, filed a Complaint against Haybuster Manufacturing, Inc., hereinafter Creditor. Trustee requested this Bankruptcy Court to declare that the Trustee's interest, by virtue of the bankruptcy provisions, is superior to Creditor's interest in certain specific property. Creditor's Answer alleged the affirmative defense that Creditor, by virtue of having obtained a Judgment and the Clerk of Courts having issued and the Sheriff having received a Writ of Execution, has a superior lien to that of the Trustee's in the property in question.

At the trial held by the Court, Counsel stipulated to the facts.

FACTS

Creditor claims a security interest in the following described personal property of Debtor:

"1 Haybuster Chaff Saver Model CR–9,75 S/N 7545

1 Haybuster Chaff Saver Model CR–9,75 S/N 1700

1 Haybuster Chaff Saver Model CR–9,75 S/N 1542

1 Haybuster Chaff Saver Model CR–9,75 S/N 7539

1 Haybuster Chaff Saver Model CR–9,75 S/N 1536."

Creditor claimed a security interest in the above described property by virtue of a Judgment obtained against Debtor and docketed with the Clerk of Courts for Brown County, South Dakota, on February 29, 1980; at which time the Clerk of Courts for Brown County issued a Writ of Execution which the Sheriff of Brown County received on February 29, 1980. The Sheriff did not file the Notice of Levy upon the above described property with the Register of Deeds for Brown County until April 4, 1980. Debtor filed his Chapter 7 bankruptcy on March 20, 1980. Nothing except the Sheriff's own lack of diligence prevented

the Sheriff from levying upon the property prior to March 20, 1980.

### ISSUE

Counsel presented the issue of whether a judgment creditor is an unsecured creditor where a sheriff receives a writ of execution before the date the debtor filed bankruptcy but, due to the sheriff's lack of diligence, the sheriff does not levy upon the property until after the debtor has filed bankruptcy.

Creditor argued in its brief that a judgment lien becomes a lien upon the personal property when a writ of execution is issued and received by the sheriff's office. Further, Creditor argued that it should not be denied its priority and preference as a lienholder merely because of the Sheriff's lack of diligence.

This Bankruptcy Court does not need to decide whether under state law a judgment creditor has a security interest in specific property upon the issuance by the clerk of courts and receipt by the sheriff of a writ of execution. The earliest that Creditor could claim a valid lien upon the property is February 29, 1980, which is the date when Creditor obtained its Judgment. Assuming for purposes of this decision that February 29, 1980, is the date Creditor's lien attached to Debtor's property, 11 U.S.C. Section 547(b) avoids any transfer of Debtor's property made on or within 90 days before the date of the filing of the petition if the other elements are met. 11 U.S.C. Section 101(40) defines transfer as meaning "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

4 Collier on Bankruptcy, 15th Ed., Section 547.12 at Page 547–41, while discussing the effect of 11 U.S.C. Section 547(b), commented:

"This eliminates difficulties that arise from the fact that the mere entry of a judgment may or may not create a lien, and thus could hardly give a creditor a preferred standing where something additional was necessary before a lien re-sulted. Nevertheless, the entry of a judgment and creation of a lien in pursuance thereof may give rise to a preference because the comprehensive definition of a "transfer" now stated in section 101(40) includes "every mode . . . of disposing of or parting with property or with an interest in property . . .". It is now clear that not only any form of a judgment, but any judicial proceeding that fixes a lien upon the property of the debtor and that comes within the other requisites of section 547(b) will constitute a preference.

Thus a confession of judgment within 90 days of bankruptcy that results in a lien or is followed by execution and levy is a preference if the other necessary elements are present.... Likewise, it would appear that any type of legal or equitable proceeding that creates a lien, such as a garnishment proceeding, creditor's bill attachment or other similar process, could be classified as a "transfer" within the meaning of sections 101(40) and 547.

Section 547, however, is concerned primarily with judgments or judicial proceedings that create liens within the 90-day period to secure claims that previously had no preferential standing."

Thus, a transfer occurs when a creditor's judgment lien attaches to specific property within 90 days prior to the filing of the debtor's bankruptcy petition. Such a transfer is avoidable as an 11 U.S.C. Section 547(b) preferential transfer if all the other elements are met. 11 U.S.C. Section 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; . . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Here, Creditor obtained a judgment lien on Debtor's property within 90 days before the date of Debtor's filing bankruptcy. The state court awarded the judgment and created the lien to Creditor on account of an antecedent debt owed by Debtor to Creditor. The transfer benefited Creditor. The transfer was made while Debtor was insolvent. 11 U.S.C. Section 547(f) provides that a debtor is presumed to have been insolvent during the 90 days immediately preceding the date of the filing of the petition. The transfer does enable Creditor to receive more than it would have received if the transfer had not been made. Thus, Creditor's lien is avoidable under Section 547(b).

## CONCLUSION

For the above reasons, this Bankruptcy Court holds that Trustee's interest in the property described earlier is superior to that of Creditor's interest in the property. For purposes of this bankruptcy, Trustee is entitled to treat Creditor as a general unsecured claimant.

The Trustee shall submit a Judgment consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.