In re K. PRITCHARD COMPANY, a corporation, Debtor.

Douglas TAYLOR, Trustee, Plaintiff,

v.

FAIRHOPE FLOOR COVERING AND INTERIORS, Defendant.

Bankruptcy No. 80–00548.
Adv. No. 81–0317.

United States Bankruptcy Court,
S. D. Alabama.

Dec. 30, 1981.

Bayless E. Biles, Bay Minette, Ala., for Fairhope.

Gary A. Hudgins, Mobile, Ala., for trustee.

## ORDER ON COMPLAINT

WILLIAM G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 30th day of December, 1981, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Complaint of Douglas Taylor, Trustee herein, against Fairhope Floor Covering and Interiors (Fairhope) seeking to recover an alleged preferential transfer of funds under Sec. 547(b) of the Bankruptcy Code; summons and notice of trial having been regularly issued and served; and evidence having been submitted;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

On July 8, 1980 the debtor corporation filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

Douglas Taylor is the duly appointed, qualified and acting Trustee of this estate.

From 1977 until the date of the filing of the petition herein, the debtor maintained an open account with Fairhope. During this period of time charges were made to the debtor's account and from time to time the debtor made payments on that account.

A payment of $1,000.00 was made on the account on March 28, 1980. Another payment of $500.00 was made on the account on April 25, 1980, leaving a balance due of $3,663.25.

Between March 28, 1980 and April 28, 1980 the debtor made charges totaling $311.07 to its account.

The creditor denied knowledge of the debtor's insolvency; but offered no proof to rebut the presumption of insolvency.

## CONCLUSIONS OF LAW

According to Section 547(b) of the Bankruptcy Code:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or before 90 days before the date of the filing of the petition; . . ."

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of ·this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

The $500.00 payment (transfer) was made to the creditor, the defendant herein, in payment on an antecedent debt. At the time the payment was made, the debtor owed $4,163.25 to Fairhope; therefore, the creditor received 12% of its debt by way of this payment. Additionally, the payment

was made within 90 days of the date of the filing of the petition.

Section 547(f) of the Bankruptcy Code provides for a presumption of insolvency for the 90 days immediately preceding the date of the filing of the petition. *See: In re Dutt,* 8 B.R. 655 (Bkrtcy.S.D.1981).

■ Mere lack of knowledge of the debtor's insolvency is insufficient to rebut this presumption. *In re Barash,* 658 F.2d 504, 7 BCD 1438 at p. 1444 (7th Cir. 1981).

■ In the *Barash Case,* supra, the 7th Circuit Court of Appeals held that the Trustee did not have to affirmatively prove the fifth requirement for a preference (Sec. 547(b)(5)) because *every payment* on an unsecured antecedent debt made within the proscribed period of time enabled the creditor to receive more than it would receive by way of distribution under Chapter 7. I disagree with this premise and conclusion.

The editors of Collier on Bankruptcy in their discussion of this code section point out that:

"Section 547(b)(5) is a central element of the preference section because it requires a comparison between what the creditor actually received and what other creditors of the same class would receive in a Chapter 7 liquidation. * * *

"It is necessary to show that the transfer has the specified effect, or else the transfer cannot be set aside as preferential even though all the remaining elements are satisfied. * * * The burden of proof, in this respect, is on the trustee." 4 Collier on Bankruptcy, Par. 547.35, pages 547–113 and 549–114.

The example used in *Barash* at page 1443 assumes that (a) the creditor receiving the pre-petition transfer has filed a claim in the proceeding and (b) upon distribution of the estate its prior recovery on the debt would be ignored. Such assumptions cannot be justified. If a creditor had received a pre-petition payment equal to 10% of his unsecured debt, but did not file a claim for the balance of his debt, then he would not have received a statutory preferential transfer,

considering a 20% dividend to other unsecured creditors, because he would not have received "more than such creditor would receive if (A) the case were a case under Chapter 7 of this title, (B) the transfer had not been made and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." Bankruptcy Code, Sec. 547(b)(5).

The Court judicially notes that in the case at bar, no claim has been filed by Fairhope; but even if a claim had been filed, the Court, upon objection by the Trustee, would take into consideration the payments received by the creditor within the preferential period and adjust the distribution to insure that the creditor did not receive a greater proportion of its claim than other creditors of the same class.

The Trustee failed to introduce any evidence relating to the amounts received by him in liquidation of the bankruptcy estate, the administrative costs and expenses incurred, or the total unsecured claims filed herein. Therefore, it is impossible for the Court to determine whether or not the $500.00 received by Fairhope was more than it would have received by way of distribution under the provisions of Chapter 7 of the Bankruptcy Code.

The Trustee has failed to prove the last element of Section 547(b); and, therefore, cannot recover. Bankruptcy Code, Sec. 547(b)(5).

The relief sought in the Complaint of the Trustee is due to be denied.

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the relief sought in the Complaint of Douglas Taylor, Trustee, be, and the same hereby is, DENIED; and said Complaint is hereby DISMISSED.