Lewis H. SAPER, as Trustee in Bankruptcy of Riverside Iron & Steel Corporation, Appellant,

v.

Thomas A. WOOD, Appellee.

No. 15086.

United States Court of Appeals
Ninth Circuit.

May 7, 1957.

Rehearing Denied Nov. 6, 1957.

Alex D. Fred, Beverly Hills, Cal., Louis M. Brown, Los Angeles, Cal., for appellant.

Thomas A. Wood, Charles W. Wolfe, Los Angeles, Cal., for appellee.

Before POPE, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

The claim of the plaintiff-appellant Trustee, set up in an action in the District Court, is that the defendant-appellee Wood received a preference from Riverside Iron & Steel Corporation, in that, within four months prior to the filing of a voluntary petition in bankruptcy by the latter, Wood had by writ of execution received payment of an antecedent debt whereby Wood obtained a greater percentage of his debt than any other creditor of his class. The court tried only this one issue upon stipulated facts, reserving questions of insolvency of Riverside and knowledge thereof by Wood at time of alleged transfer. The salient facts are set out below.

Wood filed action in the Superior Court of the State of California against Riverside for attorney fees on December 5, 1946. This will be referred to herein as the "Wood action." Some time previous to the institution of the Wood action, one E. T. Foley had brought action in the same state court against Riverside and others, in which Riverside had filed a cross-complaint against Foley. Hereinafter this will be called the "Foley action." This action was pending, but not decided, when Wood filed his action.

A writ of attachment was issued in the Wood action by Wood against Riverside on the day the Wood action was filed and served on Foley. The return to this writ by Foley stated he did not know whether or to what extent he was indebted to Riverside because of the situation in the Foley action above outlined. Later, on July 28, 1948, a stipulation was entered by Foley, Riverside, Bradt and all other parties in the Foley action, wherein, among other recitals, it was agreed that an attachment had been served on Foley in the action of Wood against Riverside. It was further provided by the stipulation that nothing therein contained should be construed to be an admission by Riverside or Bradt that anything was due on the attachments in any of the cases, including the Wood action, referred to therein. This stipulation was also signed by the judge of the state court where these actions were pending.

Judgment was entered in the Foley action on July 30, 1948. Thereby Foley was directed to deposit $329,263.46 with the Clerk of the court. This was done August 1, 1948. On August 4, Foley made a supplemental answer to the garnishment pursuant to the writ of attachment of December 5, 1948, in the Wood action, reciting the deposit and the direction on final judgment in the Foley action to pay $82,619.69 to Riverside and Bradt. On August 12, 1948, an attachment was run by Wood against the Clerk of the court, who held the funds deposited by Foley.

The judgment in the Foley action was amended on October 6, 1948, and thereupon Riverside and Bradt took an appeal.

Wood obtained judgment against Riverside in his action April 8, 1949, and on June 28, 1949, served a writ of execution on the Clerk of the court. A return was made by the Clerk on July 5, 1949, stating that $329,263.46 was held by him on deposit for distribution among various litigants, of whom Riverside was one, when judgment in the Foley action became final. The Sheriff returned the execution in the action of Wood "wholly unsatisfied."

The judgment in the Foley action was affirmed by the District Court of Appeal.[1] A petition for hearing in the Supreme Court of California was denied and remittitur was filed in the Superior Court November 20, 1950.

On the following day, November 21, 1950, Wood caused a second writ of execution to be served upon the Clerk of the court, and the latter returned that he held $82,219.08 on deposit, "which amount is being held subject to further order of court." On December 1, 1950, Wood served an order on the Clerk of the court in the Foley action and on

1. Foley v. Riverside Iron & Steel Corporation, 99 Cal.App.2d 431, 221 P.2d 998.

"LeRoy B. Lorenz, the assignee of the judgment in favor of Riverside Iron and Steel Corporation, and Harlan H. Bradt, in the above entitled cause," to show cause why judgment in the Wood action should not be paid out of the deposit in the hands of the Clerk in connection with the Foley action. The show cause proceeding was based upon the answer of the County Clerk, as garnishee upon the second execution, to the effect:

"That we have the sum of $82,-219.08 on deposit, which amount is being held subject to further order of court."

The Superior Court, after hearing, entered findings and final order in the show cause proceeding:

"The above-entitled matter coming on for hearing on the 8th day of December, 1950, pursuant to order to show cause issued on the 1st day of December, 1950, Thomas A. Wood appearing for the moving party and Harold W. Kennedy, County Counsel, by John B. Anson, Deputy County Counsel, appearing for Harold J. Ostly, County Clerk and Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, LeRoy B. Lorenz, assignee of the judgment in favor of Riverside Iron and Steel Corporation and Harlan H. Bradt having been served with said order to show cause on the 1st day of December, 1950, and having defaulted and the default of the said LeRoy B. Lorenz having been entered, the matter having been submitted to the court for decision on the affidavits and oral argument,

"Now Therefore, Harold J. Ostly, County Clerk and Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, is hereby ordered to pay over to Eugene W. Biscailuz, Sheriff of the County of Los Angeles, State of California, the sum of $4,012.98 with interest at the rate of 7% per annum from the 27th day of June, 1944, plus $18.00 costs, in response

to the writ of execution issued in that certain action styled Thomas A. Wood vs. Riverside Iron and Steel Corporation, a corporation, numbered 522523 and heretofore served upon said Harold J. Ostly, County Clerk and Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, by said Sheriff, and to pay said money out of funds heretofore deposited in the above entitled action by the plaintiff E. T. Foley pursuant to order of court, for the use and benefit of Riverside Iron and Steel Corporation, a corporation, and Harlan H. Bradt."

The Clerk of the court thereupon paid to the Sheriff, on the writ of execution in the Wood action, the sum of $5,838.49, and on January 3, 1951, Wood received $5,800.07, after deduction of the fees and expenses of the Sheriff.

The petition in voluntary bankruptcy by Riverside was filed March 14, 1951.

The federal trial court heard the instant case and filed elaborate findings of fact setting up many of the stipulated documents. The District Court found that the state court had specifically provided that the fund paid in by Foley in the Foley action, when on deposit with the Clerk of the state court, was "not to be held in custodia legis and that the Clerk was to pay out said fund to the persons entitled thereto upon final judgment in the action," and that the sum of $5,800.07 "was not received by the defendant Thomas A. Wood by reason of any attachment or lien which the said Thomas A. Wood acquired within four months prior to bankruptcy of Riverside Iron and Steel Corporation," but by virtue of the garnishments of December 5, 1946, against Foley, of August 12, 1948, against the Clerk of the state court, and the writ of execution of November 21, 1950, against the Clerk of the state court.

At the outset, it is apparent that the Trustee did not sustain the burden of proving the elements of a preference by affirmative evidence. The record

shows that Riverside and Bradt had assigned all their right, title and interest in the fund deposited in court by Foley to LeRoy B. Lorenz. When this transfer was made does not appear. The Trustee did not attack this assignment to Lorenz and did not even show what were its terms. On the face of the record, Lorenz would have title to all that part of the fund to the exclusion of Riverside and Bradt. It does not appear that the assignment was made within the four months' period, and therefore the Trustee had no standing to question it. Of course, Lorenz purchased a lawsuit. But Riverside had no title either to the part of the fund covered by liens or that not covered by liens. Therefore, the Trustee did not prove that any property of the bankrupt was transferred during the four months' period prior to filing. This element is vital to recovery of a preference under the statute.[2]

Furthermore, the Trustee did not prove affirmatively that the money belonged to Riverside at the critical period or that it was ever entitled to the possession thereof. Therefore, the Trustee, as plaintiff, is in no position to claim that there was a transfer within four months of the filing of the petition in bankruptcy of the property of the bankrupt to its assignee, Lorenz, or to Wood.

The state court adjudicated the claim between Lorenz and Wood, and gave judgment in favor of Wood. There can be no question raised collaterally as to the validity of this final order. This order should have been attacked in the state court, if at all. The state court adjudicated the very facts which are cardinal here. Unless the federal courts disregard or overthrow the state judgment, the Trustee cannot prove a preference to Wood.

The state court, by the stipulation and the amended judgment in the Foley action, anticipated the filing of claims by attachment or execution. Foley and Riverside and Bradt had agreed that the money should be held by the Clerk subject to the claim of Wood, if the latter were proved to be valid. The money was held by the Clerk not subject to the attachment, but by order of the court and stipulation of the parties, to be disbursed in the Foley action upon the further order of the court, which was pronounced December 8, 1950.

The state court had possession of the res and was entitled to adjudicate finally all questions as to ownership and right of possession. The Trustee objects that Riverside was not a party to the show cause proceeding. However, Lorenz was made a party by service and defaulted. Since he was the assignee of Riverside and Bradt, each of these parties is privy and bound by the order of the state court.[3] As to them, the adjudication was conclusive and cannot be attacked here collaterally. The Trustee has rights by virtue of his representation of the creditors of Riverside which the bankrupt itself did not have. But the creditors and the Trustee must show that they had some right against the fund at the time of transfer to Wood. The state judgment was conclusive.

The Trustee, however, attempted to avoid the effect of the judgment of the state court by contentions that the attachments had expired and the execution had become void before the Clerk paid the money to Wood, and therefore the state court had no power to order the fund

2. Bankruptcy Act, § 60, sub. a, 11 U.S.C.A. § 96, sub. a.

3. " * * * the decision of the Appellate Court in the cause between plaintiff's assignee and defendant creates an estoppel by verdict to claim any relief. The propriety of this demand was in issue in the litigation in the state court and, rightfully or wrongfully, the Circuit Court and the Appellate Court upon appeal disposed of it against plaintiff's assignee. The Supreme Court of Illinois denied an appeal. Privity existed between plaintiff and his assignee. * * * consequently an effective estoppel came into existence. * * *." LeDuc v. Normal Park Presbyterian Church, 7 Cir., 142 F.2d 105, 107, certiorari denied 323 U.S. 729, 65 S. Ct. 65, 89 L.Ed. 585. California law is in accord, Wetmore v. San Francisco, 44 Cal. 294.

paid over. The Trustee makes four claims. First, it is contended that, under California law, the lien of the attachment of December 5, 1946, expired on December 5, 1949. Second, he says the writ of attachment of August 12, 1948, was ineffective to constitute a lien because the money was in custody of law and not subject to attachment or executions. Next, he claims that the first writ of execution of June 28, 1949, was effective and the lien of the earlier attachment of August 12, 1948, merged with it and ultimately expired one year thereafter. Fourth, the Trustee contends that Wood received payment on account of his prior judgment against Riverside only by virtue of the second writ of execution served November 21, 1950, a time within the four months' period of the bankruptcy of Riverside and that there is no collateral attack on the order of the Superior Court of December 8, 1950.

The United States District Court found the facts in great detail, including the stipulation of facts of the parties. These findings state a ground for the decision which is independent of the grounds for affirmance which have been set forth above. In order to dispose of the case on this portion of the findings, a detailed examination of the California law, set out in the first three points of the brief of the Trustee, might be necessary. It is unnecessary to examine this technical field on account of the conclusion at which we have already arrived. Another finding of the trial court also disposes of the last point made by the Trustee. In effect, it is found that the money was not shown to have been received by Wood by reason of any attachment or lien which he had acquired within four months of the bankruptcy of Riverside.

The Trustee has not sustained the burden of proof. He has not established that Riverside had any interest in the fund within four months of the date of filing of the petition in bankruptcy of the latter. Further, the judgment of the state court awarding the fund to Wood was a finality. Lorenz was in privity with Riverside, and judgment was entered upon his default. Until that judgment has been avoided, the Trustee has no standing to claim the property was that of Riverside. Although the state judgment is conclusive, this question is not cardinal to our decision. Specifically, the Trustee failed, as the trial court found and concluded, to establish the essential elements of his claims. There was no proof that Riverside had any property right in the money awarded to Wood by the state court within four months of bankruptcy.

Affirmed.