In the Matter of LUCASA INTERNATIONAL, LTD., Debtor.

Harold YOUNG, as Trustee in Bankruptcy of Lucasa International, Ltd., Debtor, Plaintiff,

v.

SCANDORE PAPER BOX CORP., Defendant.

Bankruptcy Nos. 79–B–10062, 80–5009–A.

United States Bankruptcy Court, S. D. New York.

Aug. 4, 1981.

Horvath & Young, New York City, for plaintiff.

Fisher & Fisher, Brooklyn, N. Y., for defendant.

## OPINION

ROY BABITT, Bankruptcy Judge:

The bankruptcy trustee of Lucasa International, Ltd. (Lucasa), a debtor under the relevant provisions of the 1978 Bankruptcy Code, which became effective on October 1, 1979, Pub.L. 95–598, 92 Stat. 2549 *et seq.*, 11 U.S.C. (1976 ed. Supp. III), § 101 *et seq.*, began this action against Scandore Paper Box Corp. (Scandore) by filing a complaint. Bankruptcy Rule 703, 411 U.S. 1069, 93 S.Ct. 3147, 37 L.Ed.2d lxvi, and Interim Rule 7001 applicable in this district to adversary proceedings brought in 1978 Code cases.[1]

The gravamen of the trustee's action to recover $30,722.50 from defendant, Scandore, Rule 701(1), is that the pre-petition payment constituted a transfer of the debtor's property denounced as a preference by Section 547 of the Code. Scandore's answer denied the allegations of a voidable preference pleaded by the trustee who then moved for summary judgment under Rule 56, F.R.Civ.P., applicable to this suit by the force of Rule 756, 411 U.S. 1084, 93 S.Ct. 3159, 37 L.Ed.2d lxxii.

Despite some contentions by Scandore that there are material facts in genuine dispute, this court's appraisal of the control-

---

1. The procedural mechanics for bringing adversary proceedings within Rule 701, 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi, originally promulgated for suits brought in bankruptcy cases filed under the now-repealed 1898 Act, are compatible with the substantive provisions of the 1978 Code and therefore afford the procedures for suits such as this. Section 405(d) of Title IV of the 1978 statute insist that this be so.

ling facts leads it to find that they are not in dispute, that the device of summary judgment is appropriate, and that the trustee is entitled to judgment in his favor. Here are those facts: in early September of 1978, the debtor, Lucasa, specially ordered and received goods from the defendant, a manufacturer of packaging and display materials. Lucasa defaulted in its payments for these goods and, on September 25, 1979, Scandore obtained a judgment by confession for $29,250.00 representing the unpaid balance due. On the same day, an execution against Lucasa's property was issued to the sheriff but it was returned unsatisfied. The next day, Scandore issued an execution with notice to the garnishee, Jay Newman, Esq., then of Ballon Stoll & Itzler, New York, respecting the proceeds of an October 2, 1979 bulk sale by the debtor of its assets. Lucasa sold its inventory and other property[2] to Tandy Co. for $250,000.00 at this sale. The sale was held in compliance with the requirements of Article 6 of the U.C.C. The sheriff appeared at the sale with a levy respecting defendant's judgment, and pursuant to this execution, Tandy paid to the garnishee $30,722.50 which included the sheriff's poundage fee, and the money was then delivered to the sheriff in satisfaction of Scandore's judgment. Plaintiff contends that these facts together with the fact that the bankruptcy petition was filed on October 17, 1979 constitute a preference which he, as trustee, may set aside thereby enhancing the estate for the benefit of all of Lucasa's creditors equally, an object of the 1898 Act, Section 60, 11 U.S.C. (1976 ed.) § 96, and of the 1978 Code, Section 547(b).

At the threshold, these facts must be tested in the context of the trustee's motion for summary judgment for that drastic remedy denies to the defendant the right to present evidence to the trier of the facts. *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975); *Matter of Citizens Loan & Savings Co.*, 621 F.2d 911, 913 (8th Cir. 1980). And on such motions, it is the court's province after allocation of the proper burdens on the movant, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970), to determine whether there are issues to be tried. The court does not, on that inquiry, try the issues. *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). In addition to the trustee's burden to show that the material facts are not genuinely in dispute, he carries the ultimate burden of persuasion as to all the elements of a preference voidable by Section 547(b) of the Code. 5 *Collier on Bankruptcy* ¶ 547.26 (15th ed.).

Here, the parties do not dispute that Tandy paid the sheriff pursuant to garnishment under a levy on the proceeds of the debtor's bulk sale of its assets. The first issue for this court to resolve is whether that payment was, as a matter of law, a transfer of the debtor's property within the meaning of Section 547(b). If a transfer was thus achieved, it will be voided only if all the elements of Sections 547(b)(1)–(5) are also met. *Saper v. Wood*, 249 F.2d 401 (9th Cir. 1957); *In re Erie Forge and Steel Corporation*, 456 F.2d 801 (3rd Cir. 1972). It is, of course, essential that the debtor have an interest in the property transferred so that the estate under Section 541 is thereby diminished. *Continental Trust Co. v. Chicago Title Co.*, 229 U.S. 435, 443, 33 S.Ct. 829, 831, 57 L.Ed. 1268 (1913); *I–T–E Circuit Breaker Co. v. Holzman*, 354 F.2d 102 (9th Cir. 1965). It is plain that the funds paid were the debtor's as they represented the price paid for the purchase of its assets by the bulk sale vendee.

The mere fact that the proceeds were paid pursuant to an execution sale was irrelevant for purposes of a preference under the 1898 Act and no less so now. *Toner v. Nuss*, 234 F.Supp. 457 (E.D.Pa. 1964); *Galbraith v. Whitaker*, 119 Minn. 447, 138 N.W. 772 (1912). There is no distinction between a payment between the period fixed in preference statutes as be-

---

**2.** Counsel for the defendant states in his brief that Lucasa's property consisted of "typewriters, office equipment, copying machines, expensive furniture, rugs, lithographs and other items."

tween its voluntary or involuntary nature. The definition carried in Section 101(40) that a transfer includes an involuntary parting with property precludes further argument. This effectively defeats defendant's argument that because Tandy paid the sheriff under compulsion, the transfer achieved by the payment is immune from attack. See *Riddervold v. The Saratoga Hospital*, 647 F.2d 342 (2d Cir. 1981); *Nogi v. Greenwood*, 1 F.Supp. 60, 62 (M.D.Pa. 1932), interpreting "transfer" under Section 1(25) of the 1898 Act. See also *Carson, Pirie, Scott & Co. v. Chicago Title & Trust Co.*, 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171 (1901). Under New York law, a judgment becomes a lien on personalty when the execution is delivered to the sheriff. N.Y.Civ.Prac.Law § 5202(a) (McKinney). *Adler v. Greenfield*, 83 F.2d 955 (2d Cir. 1936); *Corrigan v. United States Fire Ins. Co.*, 427 F.Supp. 940 (S.D.N.Y.1977). Thus, even in the absence of payment, Scandore's delivery of the writ to the sheriff pursuant to Lucasa's confession of judgment created a voidable transfer because it resulted in a lien or charge against the debtor's property.

Scandore's next argument to defeat the trustee's action is that a third party payment in satisfaction of a debtor's indebtedness does not constitute a voidable preference because it does not diminish the estate of the debtor. But indirect transfers of a debtor's property have repeatedly been denounced when the effect was to prefer one creditor over others. See generally, *Greenblatt v. Utley*, 240 F.2d 243 (9th Cir. 1956); *Aulick v. Largent*, 295 F.2d 41 (4th Cir. 1961). Mere circularity will not save a transfer which effects a preference from being invalid as such. *Dean v. Davis*, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917). Furthermore, the instant case is distinguishable on its facts from those cases cited by Scandore in support of its contention.

In *DeAngio v. DeAngio*, 554 F.2d 863 (8th Cir. 1977), the third party payor paid a mutual obligation of his and of the debtor with his own funds; thus, the payment did not deplete the estate of the debtor. Here, Scandore was paid with funds derived from the debtor's property and otherwise available to its creditors. Similarly, the other cases cited by the defendant involve fact patterns in which it was ultimately found that third parties had transferred their own funds in discharge of the debt thus leaving the debtor's estate intact.[3]

Scandore next insists that the sale was a return of its goods and a contemporaneous sale by it to Tandy. There is no common law or statutory authority to support this proposition. It is obvious that the payment satisfied a judgment for damages arising out of an unpaid obligation for those goods.

Scandore next asserts that because of the creditors' failure to object at the bulk sale, Lucasa received inadequate consideration for its goods. He argues that had Lucasa received the fair market value for its property, defendant's class would have then been entitled to 100% of its claim under liquidation and the payment, therefore, would not have violated the greater distribution requirement of Section 547(b)(5). Fair market value is what the market will bear. The sale was held in compliance with Article 6 of the U.C.C. and there is no evidence before this court that a liquidation sale would have yielded a substantially higher price. In such instance, the claim of inadequate consideration would form the basis for voiding the bulk sale as a fraudulent conveyance under Section 548. But it is not a defense to the greater distribution requirement in Section 547. It is obvious that Scandore received more than any other creditor in its class will receive in this liquidation.

Scandore also attacks the trustee's suit on the ground that he is estopped by

**3.** *In re Erie Forge and Steel Corp., supra,* where two banks entered into an agreement that if either received a payment altering a 60–40% participation ratio in an outstanding loan, such bank would purchase an interest in the debtor's note to restore the ratio. *Kennan Pipe and* *Supply Co. v. Shields,* 241 F.2d 486 (9th Cir. 1956) where a contractor issued checks payable jointly to subcontractor debtor and creditor and the debtor endorsed a check to the materialman creditor in exchange for creditor's waiver of his statutory rights.

the other creditors' inaction at the sale. However, the trustee's power to void preferential transfers is derived from the Code itself and not from any rights granted under applicable state or federal law to actual unsecured creditors. Compare Section 544(b) wherein the trustee depends on an actual unsecured creditor with a proper claim who could, absent bankruptcy, set aside transfers by a debtor which are voidable under applicable, non-bankruptcy law.

Scandore's last assault on the trustee's suit is that its due process rights were violated because it did not sit on the creditors' committee which might have decided to press the trustee to bring an action which Congress gave him and which in no way depends on a concensus of creditors. This argument is rejected out of hand.

■ Insolvency on the date of the transfer is crucial to preference avoidance. In a Rule 56 motion, the presumptions established under the Code are operative. 6 Moore, *Federal Practice,* ¶ 56.11[10] (1976); see *e. g., Motteler v. J.A. Jones Construction Co.,* 457 F.2d 917, 920 (7th Cir. 1972). Section 547 creates a statutory presumption of insolvency if the transfer took place within the 90 days preceding the filing of the petition. This means that the transferee must come forward with some evidence to rebut the presumption, while the burden of ultimate persuasion remains on the party seeking to void the transfer.[4] The defendant alleged in its answer that it had no knowledge of the debtor's alleged insolvency at the time of the transfer. Because the transfer took place within three weeks of the filing of the petition, and the defendant failed to come forward with any evidence, the court finds that the debtor is presumed to have been insolvent on the date of the transfer of the proceeds. Moreover, the trustee has carried his burden of persuasion presenting the schedule of the debtor's assets and liabilities which indicates insolvency within the definition of Section 101(26) of the Code. It has been held that insolvency may be inferred if the debtor was insolvent at the date of the petition and its financial condition had remained relatively unchanged at the time of the transfer. *Seligson v. N.Y. Produce Exchange,* 394 F.Supp. 125 (S.D.N.Y.1975).

The court finds that there are no genuine issues of material facts as to all of the elements of a preference and that the trustee is entitled to judgment as a matter of law. Accordingly, his motion for summary judgment voiding the payment of $29,-250.00 to Scandore is granted, and Scandore will be directed to return that amount to the estate where, as a creditor, it will rest with all the others not preferred. Settle order on notice.

---

**4.** See House Report No. 95–595, 95th Cong., 1st Sess. 375, U.S.Code Cong. & Admin.News 1978, 5787.