In re THOMAS FARM SYSTEMS, INC.
a/k/a S.J. Farm Systems, Debtor.

THOMAS FARM SYSTEMS,
INC., Plaintiff,

v.

Fred E. ERB, Defendant.

Bankruptcy No. 80–01430 T.
Adv. No. 80–0589.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 19, 1982.

James R. Leonard, Lancaster, trustee, for plaintiff.

J. Michael Eakin, Mechanicsburg, for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case addresses the issue of whether payment on an antecedent debt made within 90 days of the filing of a petition in Bankruptcy constitutes a preferential transfer. We conclude that it does and that it is voidable by the trustee pursuant to 11 U.S.C. § 547(b).[1]

The debtor-plaintiff, Thomas Farm Systems, Inc., (hereinafter, "Thomas Farms") regularly contracted with the defendant, Fred E. Erb (hereinafter, "Erb") for excavating work during the course of its business. Services performed by Erb for Thomas Farms during the period of August 8, 1979, to January 3, 1980, were not paid for when invoices were submitted. Erb obtained a judgment against Thomas Farms in state court in the amount of seven thousand, eight hundred thirty dollars ($7,830.00) based on those invoices. This amount was paid by Thomas Farms to Erb on April 18, 1980. On June 20, 1980, Thomas Farms filed its petition in Bankruptcy. The Trustee has filed this application to avoid the transfer as preferential under 11 U.S.C. § 547(b).

■ Section 547(b) allows the trustee to avoid the transfer of property of the debtor which is made for the benefit of a creditor on account of an antecedent debt, made while the debtor was insolvent and within 90 days of the filing of a petition if the transfer allows the creditor to receive more than it would have if the transfer had not been made. The purposes of this section are to discourage actions by creditors that might prematurely compel the filing of a petition and to secure equal distribution of assets among creditors of like class. *In re Vecco Construction Industries, Inc.,* 9 B.R. 866 (Bkrtcy.E.D.Va.1981), *Farmers Bank of Clinton, Mo. v. Julian,* 383 F.2d 314 (8th Cir. 1967). The absence of any one of the elements which define a voidable preference negates the trustee's claim. *In re Yale Express Systems, Inc.,* 11 B.R. 495 (Bkrtcy. S.D.N.Y.1981).

■ The facts before us establish that the payment of Erb's judgment was a transfer to a creditor on account of an antecedent debt made within 90 days of the filing of the petition. Testimony at the hearing on this matter confirmed the fact that Erb had received more than he would have if the transfer had not been made. Creditors in Erb's class would not be paid in full by the trustee. 11 U.S.C. § 547(f) creates a presumption that the debtor was insolvent during the 90 days preceding the filing of its petition. Although the burden of persuasion as to all of the elements of § 547(b) remains with the trustee, the transferee must come forward with some evidence to rebut this presumption. *In re Lucasa International, Inc.,* 4 C.B.C. 1515, 7 B.C.D. 1356, 13 B.R. 596 (Bkrtcy.S.D.N.Y. 1981).

In the case at bar, Erb has not met his burden of producing evidence to contradict the presumption. Therefore, we conclude that trustee has proven all of the elements required by 11 U.S.C. § 547(b) and has established that the payment to Erb was a voidable transfer. For these reasons, we will allow the trustee to avoid the transfer and order Erb to turn over the amount in dispute to the trustee.

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.