**In re THOMAS FARM SYSTEMS, INC.,
a/k/a S.J. Farm Systems, Debtor.**

**THOMAS FARM SYSTEMS, INC.,**

v.

**DRIVE-KORE, INC., Defendant.**

**Bankruptcy No. 80–01430 T.
Adv. No. 80–0587.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 19, 1982.

J. Michael Eakin, Mechanicsburg, for defendant.

James R. Leonard, Jr., Lancaster, trustee, for plaintiff.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case addresses the issue of whether payment on an antecedent debt made within 90 days of the filing of a petition in Bankruptcy constitutes a preferential transfer. For reasons hereinafter given, we conclude that the facts of this case do not support the characterization of this transfer as preferential and we will deny the trustee's application to avoid it.[1]

The plaintiff-debtor, Thomas Farm Systems, Inc. (hereinafter, "Thomas Farms") sent the defendant-creditor, Drive-Kore, Inc. (hereinafter, "Drive-Kore") a check in the amount of $500.00 on March 28, 1980 on account of a trade debt incurred in October, 1979. On June 20, Thomas Farms filed its petition in Bankruptcy. At the hearing on the trustee's application to avoid the payment to Drive-Kore as a preferential transfer, Drive-Kore introduced into evidence a letter dated April 25, 1980. In this letter, the president of Thomas Farms expresses optimism about returning to business again. The president testified before us that the financial condition of Thomas Farms on March 28, 1980 was about the same as it was on June 20, 1980.

■ The definition of a preferential transfer is set forth at 11 U.S.C. § 547(b).

It requires the trustee to establish that a transfer of property was made to the creditor on account of an antecedent debt while the debtor was insolvent and within 90 days of the filing of the petition, which allows the creditor to receive more than it would have if the transfer had not been made. The purposes of this section are to discourage actions by creditors that might prematurely compel the filing of a petition and to secure equal distribution of assets among creditors of like class. *In re Vecco Construction Industries, Inc.,* 9 B.R. 866 (Bkrtcy.E.D.Va.1981); *Farmers Bank of Clinton, Mo. v. Julian,* 383 F.2d 314 (8th Cir. 1967). All elements of § 547(b) must be proven before a transfer will be avoided. *In re McCormick,* 2 C.B.C. 1145, 6 B.C.D. 889, 5 B.R. 726 (Bkrtcy.N.D.Ohio 1980). The absence of any one of the elements constituting a voidable preference negates the trustee's claim. *In re Yale Express System, Inc.,* 11 B.R. 495 (Bkrtcy.S.D.N.Y. 1981).

The element of insolvency is the only one which is in dispute in the case at bar. 11 U.S.C. § 547(f) creates a presumption of insolvency during the 90 day period preceding the filing of a petition. The burden of persuasion as to § 547(b) remains with the Trustee but § 547(f) shifts the burden of production of some evidence on the issue of insolvency to the transferee. *In re Lucasa International, Inc.,* 4 C.B.C. 1515, 7 B.C.D. 1356, 13 B.R. 596 (Bkrtcy.S.D.N.Y.1981). In the case at bar, Drive-Kore has presented documentary evidence in the form of the April 25, 1980 letter from Thomas Farms which indicates that on that date, several weeks after the transfer in question, the debtor did not consider itself to be insolvent. This evidence is sufficient to overcome the § 547(f) presumption and require the trustee to present proof on the insolvency issue.

■ The only evidence before us is the statement of Thomas Farms president to the effect that the company's financial situ-

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

ation between March 28, 1980 and June 20, 1980 remained constant. Evidence of insolvency on the date of the transfer is the critical issue and proof of insolvency on any other date is insufficient standing alone to prove this element. *Denaburg v. Post Welding Supply Co., Inc.,* 7 B.R. 274 (D.C.N. D.Ala.1980). Though it has been held that insolvency may be inferred if the financial condition remains unchanged from the date of transfer to the date of filing, there must be a showing that there was no change in the debtor's financial position. *Seligson v. N. Y. Produce Exchange,* 394 F.Supp. 125 (S.D.N.Y.1975). The type of proof contemplated by the Bankruptcy Code to establish insolvency is dictated by the balance-sheet test. 11 U.S.C. § 101(26) requires that the debtors liabilities be greater than its assets at a fair valuation. Although fair valuation may be distorted by hindsight, the trustee must establish a reasonable estimate of cash conversion based upon balance sheets, financial statements, appraisals, expert testimony and other affirmative evidence. *Constructora Maza Inc. v. Banco de Ponce,* 616 F.2d 573 (1st Cir. 1980); *In re Fulghum Construction Co.,* 7 B.R. 629 (Bkrtcy.M.D. Tenn.1980). The statement of Thomas Farms' president, even in conjunction with the inference to be drawn by the subsequent filing, is not sufficient to satisfy the balance-sheet test. We are unable to conclude that the liabilities of Thomas Farms were greater than its assets at a fair valuation as of March 28, 1980 on the basis of the record before us.

Because the insolvency of the debtor on the date of the transfer has not been demonstrated, the requirements of 11 U.S.C. § 547(b) have not been met. For this reason, we hold that the transfer from Thomas Farms to Drive-Kore on March 28, 1980 was not a voidable preference.