In re R. PURBECK & ASSOCIATES, LTD., Debtor.

Thomas L. KANASKY, Trustee, Plaintiff,

v.

John M. RANDOLPH, Defendant.

Bankruptcy No. 5–80–00261.
Adv. No. 5–81–0140.

United States Bankruptcy Court,
D. Connecticut.

March 8, 1983.

Thomas L. Kanasky, Jr., Levin & Charmoy, Bridgeport, Conn., pro se.

John J. Graubard, Graubard & Graubard, Stamford, Conn., for defendant.

## MEMORANDUM AND DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

In this adversary proceeding, the plaintiff's first count alleges that a transfer from the debtor to the defendant is avoidable as a preference under 11 U.S.C. § 547. The plaintiff alleges in his second count that the same transfer is avoidable as a fraudulent transfer under 11 U.S.C. § 548. In connection with his allegations under section 548, the plaintiff specifically claims that "[t]he debtor received less than a reasonably equivalent value in exchange for such transfer" and "[a]t the time of the transfer, the debtor was insolvent."

### I.

On April 16, 1980, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. On or about December 6, 1979, more than ninety days, but less than one year prior to its filing, the debtor transferred $4,540.00 to the defendant. At the time of the transfer, the defendant was a director of the debtor, and hence an insider within the meaning of section 547(b)(4)(B)(i). *See* 11 U.S.C. § 101(25)(B)(i).

The debtor did not owe the defendant any money at the time of the transfer. The debtor's president, however, owed the defendant $4,000.00 plus interest, and the debtor owed its president more than that amount. The debtor paid the defendant because it owed its president in excess of $4,540.00, and consequently reduced its own indebtedness when it transferred the funds to the defendant.

### II.

■ Section 547, which governs the trustee's power to avoid a preferential transfer, states in pertinent part

(b) [T]he trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

.    .    .    .    .

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The burden of proving the existence of each of the enumerated elements falls upon the trustee.[1]

In this proceeding, the controversy centers on the requirements of section 547(b)(2), (b)(3) and (b)(4)(B)(ii), concerning the defendant's claims that there was no antecedent debt, that the debtor was not insolvent at the time of the transfer, and that, even if the debtor were insolvent, the defendant did not have reasonable cause to believe so. Because the question of the debtor's solvency is equally crucial to the plaintiff's claims of preference and fraud, I shall address that issue first.[2]

Section 101(26) of the Bankruptcy Code defines insolvency in pertinent part as:

"(A) financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . ."

---

1. *In re Camp Rockhill, Inc.,* 12 B.R. 829, 831–832 (Bkrtcy.E.D.Pa.1981).

2. The burden of proof under section 548, as under section 547, is on the trustee. *See generally,* 4 *Collier on Bankruptcy* ¶ 548.10 (15th ed. 1982).

This is similar to the definition of insolvency under the former Act,[3] and thus cases which illuminate the old law are useful guides in this proceeding.

Under former Act § 60, the predecessor of 11 U.S.C. § 547

proof of insolvency ... contemplates a showing of the fair value of all the debtor's property, compiled by the use of balance sheets, financial statements, appraisals, expert testimony, and other affirmative evidence and compared to the amount of his debts. [citations omitted]

In re Phippens, 4 B.R. 155, 159 (Bkrtcy.M.D. Tenn.1980). This burden remains unchanged under Code section 547,[4] although when transfers are made within ninety days of the filing of the bankruptcy petition unlike here, the trustee is aided by a presumption of insolvency.[5]

■ Since insolvency at a given point in time is often difficult to demonstrate by direct proof, courts permit the trustee to show that the debtor was insolvent at one point in time and then prove that the same condition existed at the time of the subject transfer. This method of proof has been labeled "retrojection," [6] but it applies equally to situations in which the trustee starts at a point in time prior to the transfer. When the trustee chooses to use this method of proof "it is essential that the trustee be able to show the absence of any substantial or radical changes in the assets or liabilities of the bankrupt between the retrojection dates." [7]

Here, the evidence relating to the debtor's solvency at the time of the transfer is scant. The trustee offered the schedules filed with the debtor's petition on April 16, 1980, which show that its debts exceeded its assets on that date by approximately $800,-000.00. The trustee also produced the debtor's September 30, 1979 financial statements, which are claimed to prove that the debtor was slightly insolvent at that time. However, it is not clear how much weight should be accorded those financial statements. There was no testimony given in connection with the statements which might have shed light on the debtor's accounting practices or the meaning of the terms contained in the statements. Such testimony might have been useful in view of the admonition given by the accountants who prepared them.[8]

■ Assuming, arguendo, that the debtor was insolvent on September 30, 1979, the trustee failed to offer any evidence which shows that the debtor's condition had not changed by the date of the December 6, 1979 transfer. Similarly, the trustee did not offer any evidence that would permit the court to retroject the debtor's insolvent condition from the time when the petition was filed back to the time of that transfer. Indeed, the only evidence bearing on the debtor's finances between September 30, 1979 and the date of the filing was the defendant's uncontroverted testimony that he thought the debtor received a $200,-000.00 capital investment in the interim. That evidence detracts from the plaintiff's

---

3. Section 1(19) of the former Act provided in pertinent part:

A person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property ... shall not at a fair valuation be sufficient in amount to pay his debts;

4. See In re Thomas Farm Systems, Inc., 18 B.R. 541, 543 (Bkrtcy.E.D.Pa.1982).

5. 11 U.S.C. § 547(f)

6. 2 Norton Bankr.L. & Prac. § 32.10 (1981).

7. Hassan v. Middlesex County National Bank, 333 F.2d 838, 840–841 (1st Cir.), cert. denied, 379 U.S. 932, 85 S.Ct. 332, 13 L.Ed.2d 344 (1964).

8. In a letter attached to the financial statements the accountants stated:

Management has elected to omit certain of the disclosures required by generally accepted accounting principles including the statement of changes in financial position and notes to financial statements. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's financial position, results of operations, and changes in financial position. Accordingly, these financial statements are not designed for those who are not informed about such matters.

claim because capital investments are not usually counted among a debtor corporation's liabilities in determining insolvency.[9]

In view of the forgoing, I find that the plaintiff failed to sustain his burden of proof on the issue of insolvency. Since this finding is dispositive of both counts, it is not necessary for me to consider the other elements of Code sections 547 and 548 raised by the plaintiff. Accordingly, judgment should be, and hereby is, entered in favor of the defendant.

---

9. *In re Briarbrook Development Corp.,* 11 B.R. 515, 520 (Bkrtcy.W.D.Mo.1981).