Joseph M. Conroy, J.
Petitioners are holders of certain debentures issued by First Americana Corporation (hereinafter “ First Americana ”). On November 17, 1964 petitioner Morris H. Israeloff entered a judgment in the sum of $5,579.53 against First Americana. On December 4, 1964 petitioners Henry W. Sieger and Martha C. Sieger docketed their judgment in the sum of $21,038.25 against First Americana. In an indenture dated June 29, 1966 and filed with the County Clerk on July 1, 1966, First Americana purported to make a general assignment for the benefit of creditors.
On September 30, 1963 title to certain property owned by First Americana vested in the City of New York by condemnation. Petitioners contend that they are entitled to recover from the award in condemnation held by the Comptroller of the City of New York sufficient moneys to satisfy the judgments free and clear of any claim against the award by the assignee, because the assignment for the benefit of creditors is void by reason of the service of a restraining notice by petitioner Israeloff on First Americana on November 19, 1964 and the service of the subpoena duces tecum with restraining provisions by petitioners Sieger on First Americana on February 3, 1965, both prior in *603 time to the assignment. Petitioners also attack the assignment on the grounds that it is void because (1) it was not executed in compliance with the resolution of the board of directors of First Americana, (2) the assignee has not complied with the requirements of the Debtor and Creditor Law, and (3) because of the effect of restraining notices served on the City of New York on May 15, 1967.
The attorney for petitioners on April 16, 1968 submitted to tiiis court a copy of an execution of money judgment dated October 4,1965 in favor of petitioner Israeloff and against First Americana. The execution was returned unsatisfied by the Sheriff on December 16, 1965. This execution prior to the assignment gives petitioner Israeloff’s judgment priority over the claim of the assignee. (See City of New York v. Panzirer, 23 A D 2d 158.)
However, this court is of the opinion that under the unusual circumstances here presented, petitioners Sieger, who have not executed on their judgment, also have priority over the assignee, for the following reasons.
The restraining notice served on February 3, 1965 was effective on the date that the judgment debtor executed a voluntary assignment for the benefit of creditors. While a restraining notice served upon a person other than a judgment debtor expires one year after the notice is served or until the judgment is satisfied, whichever event first occurs (CPLR 5222, subd. [b]), a restraining notice served upon the judgment debtor continues to be effective until the judgment is satisfied. CPLR 5222 (subd. [b]) expressly provides that “A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated.” (Emphasis supplied.) As Professor David D. Siegel states in his Practice Commentary to CPLR 5222 (McKinney’s Cons. Laws of N. Y., Book 7B, pp. 78-80): “ Subdivision (b) also makes clear that the restraining notice served on a garnishee or third person has an effective life of one year (unless extended, see CPLR § 5240), whereas there is no time limit on its effectiveness against a judgment debtor served with it, who will be subject to the restraint as long as the judgment remains alive (it has a twenty-year life under CPLR § 211(b)) or until it is satisfied or vacated.”
The execution of the assignment by the judgment debtor at a time when it was effectively restrained from making assignments was a violation of the restraining notice. (Rossman *604 Corp. v. Polizzi, 231 App. Div. 872; Mastropiero v. Betty Barton-Frozen Food Corp., 225 N. Y. S. 2d 554; National Wall Paper Co. v. Garlach, 15 Misc. 640.) There is no question that the judgment debtor could be punished for contempt for its willful violation of the restraining notice. (CPLE 5251.) In the proceeding to punish the judgment debtor for contempt, if it can be shown by the judgment creditor that the judgment debtor’s misconduct constituting the contempt caused an actual loss to the judgment creditor, then a fine would be imposed sufficient to reimburse the judgment creditor. (Matter of McDonnell v. Frawley, 23 A D 2d 729.)
In view of the foregoing, the fundamental question presented to this court is the effect of the assignment executed in violation of the restraining notices on the rights of the prior judgment creditor. CPLE 5222 is silent as to the consequences of the violation of a restraining notice. CPLE 5251 affords the judgment debtor the remedy of contempt. Professors Weinstein, Korn and Miller, in their treatise on New York Civil Practice, discuss the effect to be given to a transfer in violation of the restraining notice, as follows:
“ The penultimate sentence of the Advisory Committee’s original draft of CPLE 5222(b) stated:
‘' While a restraining notice is in effect, no transfer, whether by the garnishee or by the judgment debtor, of property or of a debt subject to the notice shall be effective against the judgment creditor who served the notice, except as otherwise provided by law or order of the court.
* • *
“ The proposed sentence did not appear in the Advisory Committee’s Final Eeport. Although no reason is given in its notes, the deletion was not an oversight on the part of the Advisory Committee but was made as part of the Committee’s decision that the service of a restraining notice should not effect a lien. See 1F 5222.21. Thus, CPLE 5222, as enacted, does not contain an express statement of the consequences of a transfer by the judgment debtor or third person in violation of a restraining notice.
“ Arguably, CPLE 5222(b) without the proposed sentence has the same effect as it would have had if the sentence had not been deleted. The subdivision states that judgment debtors and third persons are ‘ forbidden to make or suffer any sale, assignment or transfer. ’ In addition, third persons are ‘ forbidden ’ from paying over or otherwise disposing of any debt owed to the judgment debtor. The mandatory caliber of this language implies that any transfer in violation of subdivision (b) will *605 be ineffective. Yet the deletion of the express statement to this effect in the original draft and the Advisory Committee’s intention of limiting the acts that would give rise to a lien against third persons (see 11 5222.21), lead to a contrary Construction. Thus, a transferee of property or debts subject to a restraining notice is to be protected and allowed to retain the benefits of the transaction as long as the conveyance to him does not run afoul of the fraudulent conveyance provisions of the Debtor and Creditor Law. If this is the case, the judgment creditor would be relegated to an action in damages against the person who violated the notice.” (6 Weinstein-KornMiller, N. Y. Civ. Prac., par. 5222.20.)
CPLR 5222 expressly mandates that a transfer in violation of a restraining notice is prohibited. I am of the opinion that to here give superior effect to the assignment executed in violation of the restraining notice is to make a mockery of the provisions of CPLR 5222. To relegate the judgment creditor to its remedy against the judgment debtor, which has divested itself of its assets by an assignment in violation of the restraining notices, is to afford it a near impotent remedy.
While petitioners Sieger have not executed on their judgment and the service of the restraining notice did not create a lien (City of Neto York v. Panzirer, 23 A D 2d 158, 162, supra), since the claims of petitioners are adjudicated to be superior to that of the assignee, petitioners’ motion is granted. The restraining notices served on the City of New York on May 15, 1967 are vacated and the Comptroller is directed to pay over to the assignee any sum remaining after payment to the judgment creditors.