James J. CORRIGAN, as Secretary of Engineers Union Local # 30 Trust Fund, Petitioner,

v.

UNITED STATES FIRE INSURANCE COMPANY, Respondent.

UNITED STATES FIRE INSURANCE COMPANY, Interpleading Plaintiff,

v.

James J. CORRIGAN, as Secretary of Engineers Union Local # 30 Trust Fund, et al., Interpleaded Defendants.

No. 73 Civ. 983.

United States District Court, S. D. New York.

March 2, 1977.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., New York City, for interpleaded defendant U.S.; Samuel J. Wilson, Asst. U.S. Atty., New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of N.Y., New York City, for interpleaded defendant N.Y. State Tax Comm'n; Carl Saks, Asst. Atty. Gen., New York City, of counsel.

Rubinton & Coleman, Brooklyn, N.Y., for claimant Bernard Benjamin; Stanley Kane, Brooklyn, N.Y., of counsel.

METZNER, District Judge.

On February 19, 1974, this court directed that the interpleading plaintiff (insurer) deposit into court the sum of $22,848, representing payment on a fire loss. The disputes as to the amount and priority of the various claims to the fund were referred to Magistrate Jacobs to take testimony and report his recommendations as to the disposition of the fund.

At the first hearing before the magistrate, it was ascertained that an additional fund of $14,865 was being held by the insurer from the proceeds of a claim for an earlier fire loss. After the filing of a second amended complaint, the disputes as to the disposition of this fund were referred to Magistrate Jacobs on June 25, 1975.

Before further proceedings were held, the magistrate was advised that an appeal was

pending in the Court of Appeals involving somewhat similar problems to the instant referral, and hearings were suspended to await the disposition of that appeal. The Court of Appeals decided *PPG Industries, Inc. v. Hartford Insurance Company*, 531 F.2d 58 (2d Cir.) on February 13, 1976. Hearings then proceeded in this matter and Magistrate Jacobs has now filed his report. This opinion concerns itself with the objections filed to the report.

■ Turning first to the claim of Bernard Benjamin. The fire insurance policy was issued on August 18, 1970. The loan by Benjamin to the insured was made in March 1971 and the security agreement evidencing the transaction provided for the borrower to keep the collateral fully insured against loss by fire. There was no endorsement on the existing insurance policy reflecting the interest of this financing creditor. Neither was there any assignment to Benjamin of the rights of the borrower to any proceeds from the insurance coverage.

Clearly, Benjamin was not responsible for the existence of the insurance funds, nor had he acquired any legal rights to them, nor did he have any "choate" security interest that could be transferred to the fund. Thus, the rule of *PPG Industries, Inc., supra*, does not apply. Benjamin does not have a security interest in the proceeds of the insurance to qualify under the exception to the validity of the United States tax lien (26 U.S.C. § 6323(a)) which in itself is greater than the amount of the fund of $37,713.

We turn next to the dispute between the United States and the State of New York as to which has priority of lien. The State has asserted liens to the funds for the failure of the insured to pay sales taxes, withholding taxes and unemployment insurance taxes.

26 U.S.C. § 6323 provides that a judgment lien has priority over a federal tax lien if it existed before the filing of the federal lien as provided in Section 6323(f).

New York Tax Law Section 1141(b) provides, as to a sales tax lien, that when the State Tax Commission issues its warrant to the sheriff, he shall file a copy of the warrant with the county clerk who shall enter it in the judgment docket. "Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued." The United States agrees that in the case of a sales tax warrant, a judgment lien exists upon the docketing of the warrant by the county clerk.

New York Tax Law Section 692(d) provides the procedure for docketing a warrant for failure to turn over withholding income taxes of employees. New York Labor Law Section 573(2) provides the procedure as to unemployment taxes. While these two procedures are practically in haec verba as those found in Tax Law § 1141, there is one difference upon which the United States relies to distinguish them from Section 1141.

The above quotation from Section 1141(b) as to the creation of the lien in sales tax cases has the following additional words in Sections 692(d) and 573(2), "to the same extent as other judgments duly docketed in the office of such clerk." The United States argues that this language is a limitation upon the "binding lien" phrase of Section 692(d). I should point out here that Section 1141(b) speaks only of a "lien" but this does not have any impact on our problem.

■ Under New York law a judgment becomes a lien on personalty only after issuance of an execution to the sheriff. CPLR 5202(a). Such an execution was not issued in this case after the docketing of the warrant.

■ The State argues that the intent of the additional words in sections 692(d) and 573(2) is to show that liens created without the entry of judgment of a court would be just as binding as liens created by the filing of such judgments. It urges that the lien is created on both realty and personalty by the docketing of the warrant, and relies on

the case of *Hyams v. State Tax Commission* (NYLJ June 11, 1974, p. 17) (Sup.Ct. Queens Co.). There the court held that these additional words were merely for the purpose of indicating the manner of enforcement. The court stated that:

> "If the Tax Law does not provide for a lien upon personalty, then the words 'binding lien upon . . . property' are useless."

The United States disagrees with *Hyams* claiming it is a rewriting of the New York Tax Law which is properly a job for the New York State Legislature.

The interpretation of the New York law in *Hyams* is entitled to great weight and this court will follow it. However, I am of the opinion that there is another basis to sustain the finding that the State has the superior lien here.

The United States argues that since an execution has not been issued to the sheriff, the lien against the fund has not been established. However, in these tax cases, the State does not have to issue a separate execution to the sheriff. It is clear from the three state statutes involved that the warrant is in effect an execution and has been delivered to the sheriff.

Section 692(c) provides that the Tax Commission issue a warrant to the sheriff commanding him to levy upon and sell "such person's real and personal property for the payment of the amount assessed, with the cost of executing the warrant . . . ." Pursuant to Section 692(d) the sheriff, within five days after receipt of such warrant, files a copy with the county clerk. Section 692(e) provides that the filing of the warrant with the clerk guarantees the state a judgment against the taxpayer for the amount involved. Finally, Section 692(f) provides:

> "The sheriff . . . shall thereupon proceed upon the judgment in all respects, with like effect, and in the same manner prescribed by law in respect to executions issued against property upon judgments of a court of record, and a sheriff shall be entitled to the same fees

for his services in executing the warrant, to be collected in the same manner."

Thus, in these cases, the execution is really in existence at the time of the entry of the warrant in the judgment docket. There is no need for the state to issue another paper called an execution.

The report and recommendation of Magistrate Jacobs is in all respects confirmed.

Since two separate deposits have been made by the interpleading plaintiff, they shall be distributed as follows.

Judgment shall be entered against the first fund of $14,865 in favor of Sapperstein, Hochberg & Haberman in the amount of $1,486.50, the United States of America in the amount of $162.20, and the New York State Tax Commission in the amount of $13,216.30.

Judgment shall be entered against the fund of $22,848 in favor of the United States of America in the amount of $1,039.55, and the New York State Tax Commission in the amount of $21,808.45.

So ordered.