OPINION OF THE COURT
JAMES HUNTER, III, Circuit Judge:
The issue in this case is whether, for purposes of section 547 of the Bankruptcy Code, 11 U.S.C. § 547 (1982), a transfer is perfected as of the date of delivery of the writ of execution to the United States Marshal, who subsequently levies on the debt- or’s property, or on the actual date of the levy. Because we hold that the district court erred in finding that the transfer was perfected as of the date of the levy, we reverse, and remand to the bankruptcy court for proceedings consistent with this opinion.[1]
I.
The facts in this case are undisputed. On May 17, 1982, appellant Pan American World Airways, Inc. (“Pan-Am”) recovered a judgment against appellee Rameo International, Inc. (“Rameo”) in the amount of $164,540.93. On June 21, 1982, the Clerk of the United States District Court for the District of New Jersey issued a writ of execution, which was then delivered on the same day to the United States Marshal’s Service. Pursuant to the writ, the Marshal’s Service levied on bank accounts maintained under Ramco’s name at Fidelity Union Bank, N.A. at Mahwah, New Jersey. The account contained an aggregate amount of $126,672.00.
On September 21, 1982, Rameo filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, and sought an order vacating the levy on Ramco’s bank accounts. Rameo argued that the levy on the writ of execution was a voidable preferential transfer under section 547 of the Bankruptcy Code in that, inter alia, the transfer of interest took place within the ninety days preceding the filing of the petition in bankruptcy. 11 U.S.C. § 547(b)(4)(A) (1982). It is uncontested that although the writ of execution was delivered to the Marshal’s Service ninety-two days before the petition was filed, the levy occurred within, the ninety-day period preceding the filing of the petition.
The bankruptcy court held, for purposes of section 547(b) of the Bankruptcy Code, that the transfer took place on the actual date of the levy, and not on the date the writ of execution was delivered to the Marshal’s Service, and thus the court vacated the levy as a voidable preferential transfer. *132 On appeal, the district court affirmed, but remanded for a further hearing on another criterion for voidable transfers under section 547(b). 11 U.S.C. § 547(b)(5) (1982). After the hearing on remand, the bankruptcy court reaffirmed its findings that the levy on the bank accounts was a voidable preferential transfer, and the district court subsequently affirmed. Because we hold that both the bankruptcy and district courts erred in holding that the transfer was effective on the date of the levy and not on the date of delivery of the writ to the Marshal’s Service, we reverse.
II.
Section 547(e)(1)(B) of the Bankruptcy Code provides that a transfer of personalty, such as bank accounts, is perfected “when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.” 11 U.S.C. § 547(e)(1)(B) (1982). Under this section, therefore, the transfer of Ramco’s bank accounts to Pan-Am became effective as of the date that Pan-Am’s interest in those accounts became superior to any possible judicial lien on those accounts held by a Rameo creditor on a simple contract. The determination of this date is governed by state law. See, e.g., Corn Exchange National Bank & Trust Co. v. Kaulder, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943).
The parties agree that New Jersey law controls this issue. Under New Jersey law, the superiority of interests as between two judgment creditors is determined not by the date of levy, but, once levy is made, by the date the writ of execution is delivered to the levying authority. See, e.g., Walton v. Hillier, 24 A.2d 219 (1942). In other words, although a transfer of interest does not occur until levy is made, once levy is made the effective date of the transfer relates back to the date the writ of execution was delivered to the levying authority. The purpose behind this rule is to protect the diligent creditor from any delay between the date the writ is delivered and the date of levy. See, e.g., In re Blease, 605 F.2d 97 (3d Cir.1979).
In this case, therefore, once levy was made, the effective date of the transfer related back to the date the writ of execution was delivered to the Marshal’s Service. Because the date of delivery was ninety-two days prior to the filing of the petition in bankruptcy, Pan-Am’s interest in Ramco’s bank accounts does not qualify as a voidable preferential transfer within the meaning of section 547(b) of the Bankruptcy Code. The judgment of the district court will be reversed, and the matter remanded to the bankruptcy court for proceedings consistent with this opinion.

. There are presently two appeals before this court on this matter. The first, 84-5391, is from an interlocutory order of the district court dated October 28, 1982. See In re Comer, 716 F.2d 168 (3d Cir.1983). The second, 84-5791, is from a final order of the district court dated November 5, 1984. The appeals were consolidated upon motion of appellant, and both raise the issue stated above. Because the first appeal was premature, as no final order of the district court had yet been entered, we dismiss that appeal, and render our decision on the second appeal only.