**In re Ruth G. JONES, Debtor.**

**Robert A. CANFIELD, Trustee in Bankruptcy for Ruth G. Jones, Plaintiff,**

**v.**

**Ansel P. SIMPSON, Sr., Defendant.**

**Bankruptcy No. 83–01862–R.**
**Adv. No. 84–0099–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 21, 1985.

Robert A. Canfield, Richmond, Va., for plaintiff.

Tommy P. Baer, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the complaint of Robert A. Canfield, the trustee in bankruptcy ("trustee") for Ruth G. Jones, debtor, seeking recovery of $3,038.07 from Ansel P. Simpson, Sr. ("Simpson") as an avoidable preference pursuant to 11 U.S.C. § 547(b). At the pretrial conference held in this matter on October 10, 1984, the parties consented to submission of the case to the Court without trial for determination upon the briefs and stipulations of fact to be filed with the Court. All briefs and the amended stipulation of facts having been filed by the respective parties, and the Court having reviewed and considered the same, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The facts in this case are brief. The defendant in this adversary proceeding, Simpson, sought and obtained a judgment against the debtor in Virginia state court on January 21, 1982 in the amount of $3,356.73. Thereafter, on August 17, 1983, Simpson filed a request with the state court for issuance of a garnishment summons and writ of *fieri facias* for execution on the judgment. On the following day, August 18, 1983, the writ of *fieri facias* and the garnishment summons was issued. On August 19, 1983 the garnishment summons was served on the Bank of Virginia and the debtor's bank account garnished.

The garnishment summons carried a return date of November 10, 1983. On that date, the Virginia state court ordered the garnishee to turn over to Simpson the sum of $3,038.07 in partial satisfaction of Simpson's judgment. The parties have stipulated that on November 10, 1983, the debtor was insolvent.[1] Thereafter, on December 20, 1983, the debtor herein filed her voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The parties further stipulate that the $3,038.07 recovered by Simpson pursuant to the garnishment on November 10, 1983 is the only potential asset of this estate should the trustee be able to avoid the transfer as a preference pursuant to § 547(b). This adversary proceeding was initiated on March 21, 1984 for the recovery of those assets to the estate.

---

1. The debtor is presumed insolvent within the 90 days preceding the filing of the petition in bankruptcy. 11 U.S.C. § 547(f). Thus, the Court is unable to ascertain whether the parties intended the stipulation to be a limitation or rebuttal of the statutory presumption as to anytime *before* November 10, 1983, or merely an affirmation that the debtor was in fact insolvent on this particular date. However, the inability to ascertain the intent of the parties in this regard does not inhibit this Court from finding that the statutory presumption of insolvency in § 547(f) cannot be rebutted merely by the negative implication of a stipulation of fact where the intent of the parties is unclear. In addition, the parties in their briefs agree that all elements of a preference have been met except for the issue of when the transfer occurred for purposes of 11 U.S.C. § 547(b)(4). Thus, the Court finds that the statutory presumption contained in § 547(f) has not been rebutted and, therefore, further finds the debtor to have been insolvent during the entire 90 days preceding the filing of the petition.

## CONCLUSIONS OF LAW

The trustee seeks to avoid the $3,038.07 received by Simpson as a result of the garnishment under the provisions of 11 U.S.C. § 547(b).[2] The parties have stipulated that each of the elements required for finding a preference is present with the exception of § 547(b)(4) which requires the trustee to prove that the transfer of an interest of the debtor in property was made on or within ninety days before the date of the filing of the petition.

The argument between the trustee and the creditor centers around when the transfer to the creditor was made. The preference provisions in the Bankruptcy Code deal with the avoidance of "transfers" rather than the perfection of liens. *In re Cox,* 10 B.R. 268 (Bankr.D.Md.1981). In the case currently before the Court, the debtor's bank account was garnished. The funds from that account were physically turned over to the Virginia state court on November 10, 1983 and delivered to the creditor. This actual, physical transfer of the debtor's funds took place within the ninety days prior to the initiation of these bankruptcy proceedings.

The trustee contends that the "transfer" within the meaning of the Bankruptcy Code in relation to preferences does not occur until the moment that the funds are actually, physically vested in the creditor. The trustee cites in support of this proposition the fact that under Virginia law a debtor may by homestead deed exempt funds contained in a bank account from a garnishment proceeding instituted by a creditor at any time before the return date on the writ of garnishment. *See In re Baum,* 15 B.R. 538, 5 C.B.C.2d 745, 748

(Bankr.E.D.Va.1981); *Wilson v. United Virginia Bank,* 214 Va. 14, 196 S.E.2d 920 (1973). Under Virginia state law, the debtor retains an interest in garnished property until the court orders the funds turned over on the return date of the writ of garnishment. *Wilson,* 214 Va. at 15, 196 S.E.2d 920. Thus, the trustee argues that no transfer occurred until the return date on the writ of garnishment, and, therefore, the transfer was made within ninety days before the filing of the petition constituting a preference.

In contrast, the creditor in this matter argues that the "transfer" for purposes of the Bankruptcy Code's preference provisions occurred when the lien attached to the debtor's bank account prior to the initiation of the ninety day preference period. Simpson contends that the actual, physical transfer of funds on the return date on November 10, 1983 related back to the perfection of the lien outside the preference period and, thus, the sums received were not preferential. Thus, Simpson asks this Court not to avoid the Virginia state court's turnover of $3,038.07 as a result of the garnishment.

The creation of a lien on intangibles and the garnishment of funds in a debtor's bank account are governed by the provisions of state law. *See In re RAMCO American International, Inc.,* 754 F.2d 130, 3 Bankr.L.Rep. (CCH) ¶ 70,247 (3rd Cir.1985); *Cosmopolitan Aviation Corp.,* 34 B.R. 592, 595 (Bankr.E.D.N.Y.1983). By statute in Virginia, a judgment creditor who desires to enforce his lien by levy on the intangible property of a debtor may do so by having issued a writ of *fieri facias* and garnishment summons. The lien on

---

**2.** 11 U.S.C. § 547(b). Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

    (5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

intangibles, including a chose-in-action owned by the debtor, arises from the time the writ of *fieri facias* is delivered to the sheriff or other officer to be executed. Va. Code § 8.01–501 (Repl.Vol.1984); *see also In the Matter of Acorn Electric Supply, Inc.*, 348 F.Supp. 277 (E.D.Va.1972); *In re Dulaney*, 29 B.R. 79, 82 (Bankr.W.D.Va. 1982). Thereafter, service of the garnishment summons and the writ of *fieri facias* on the creditor, in this case Bank of Virginia, makes the funds in possession of the garnishee subject to execution provided the debtor does not exempt those funds by a properly recorded homestead deed prior to the return date on the writ of garnishment.

In the case at bar, the writ of *fieri facias* and the garnishment summons were issued on August 18, 1983. Although the parties are unaware of the date that the writ of *fieri facias* was delivered to the sheriff, the parties have stipulated that the writ of *fieri facias* and garnishment summons were served on the Bank of Virginia on August 19, 1983 by the sheriff or other officer. Thus, this Court makes a finding that this creditor's lien arose no later than August 19, 1983, the date the writ of *fieri facias* and garnishment summons were served on the bank and the debtor's account frozen. Inasmuch as the debtor filed bankruptcy on December 20, 1983, the Court also makes a finding that the lien arose prior to the ninety day preference period mandated by § 547(b)(4). However, in Virginia, all property which the debtor would be entitled to receive from the garnishee and which comes in possession of the garnishee prior to the return date on the writ of garnishment is also subject to the lien. Va.Code § 8.01–501 (Repl.Vol. 1984). A garnishment summons is returnable in general district court within ninety days from the date of issuance. Va.Code § 8.01–514 (Repl.Vol.1984).

█ The parties have thus requested that this Court determine when the transfer in this case occurred. A "transfer" is defined in § 101(48) of the Bankruptcy Code to mean:

> [E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

Under a plain reading of this definition, it is clear that a garnishment lien of the type acquired by creditors in Virginia is a transfer by virtue of being an involuntary disposing or parting with an interest in property. *See In re Rocky Mountain Ethanol Systems, Inc.*, 21 B.R. 707, 709 (Bankr.D. N.Mex.1981) ("[n]onconsensual transfers, such as executions or other liens obtained through judicial proceedings, fall within this definition [of 'transfer']").

█ Moreover, not only does the Bankruptcy Code contain a definition of transfer, it also, for purposes of the preference provision, contains a definition of the *perfection* of transfers. 11 U.S.C. § 547(e). Pursuant to § 547(e)(1)(B), the perfection of a transfer in property other than fixtures or real property occurs "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Applying the law to the facts in this case, the acquisition by Simpson of a garnishment lien on a date no later than August 19, 1983 was a "transfer" within the meaning of the preference statute and was perfected at the time of the delivery of the writ of *fieri facias* to the sheriff inasmuch as delivery of the writ to the sheriff creates the lien and establishes its priority over all subsequent execution liens. *See In re RAMCO American International, Inc.*, 754 F.2d 130, 3 Bankr.L. Rep. (CCH) ¶ 70,247 (3rd Cir.1985); *In the Matter of Acorn Electric Supply, Inc.*, 348 F.Supp. 277 (E.D.Va.1972); *In re Dulaney*, 29 B.R. 79, 82 (Bankr.W.D.Va.1982). Although the lien was a "transfer" and therefore subject to scrutiny under the provisions of § 547(b), the Court finds in this case that due to the perfection of the lien itself occurring outside of the 90 day preference period the acquisition of the lien by Simpson was not in and of itself, a preference and, thus, should not be avoided.

The inquiry does not end here, however, for the lien on the debtor's intangible property, including a chose-in-action, continues for one year limited only by the life of the garnishment summons. As previously noted, the life of the garnishment summons is ninety days under Virginia law. Va.Code § 8.01–514 (Repl.Vol.1984). Thus, if funds were deposited into the debtor's bank account subsequent to the service of the garnishment summons but prior to the return date of the writ on November 10, 1983, such funds would be subject to the garnishment lien and subject to the reach of the creditor in garnishment. *See Leatherman v. Sanders*, 117 W.Va. 320, 185 S.E. 556 (1936).

The creditor in this matter asserts that for purposes of determining the time of transfer, the funds contained in the debtor's bank account which became subject to the garnishment lien and turned over to the creditor on November 10, 1983, related back to August 19, 1983 when the lien arose. This Court concludes that the relation-back argument as it applies to transfers within the meaning of the preference statute is without merit. The relation-back which the creditor speaks of concerns the *priority* of the garnishment lien *vis-a-vis* other liens subsequent in time to the creditor's lien. *See In re Matter of Acorn Electric Supply, Inc.*, 348 F.Supp. 277 (E.D.Va.1972); *In re Dulaney*, 29 B.R. 79 (Bankr.W.D.Va.1982).

The Court is not concerned here with the priority of the lien but rather with the time the transfer took place for purposes of the preference statute. In making this determination, the concept of relation-back of liens to establish priority under state law has no place. As previously stated, a transfer is complete when it is perfected under § 547(e). The application of § 547(e)(1)(B) might lend credence to Simpson's argument for application of a relation-back theory were it not for § 547(e)(3).[3] This Court believes that a "transfer" under a garnishment lien on a

bank account cannot occur until funds are actually deposited into the debtor's account. Consequently, this Court finds that only those funds present in the debtor's bank account on the date the garnishment summons was served coupled with all other funds likewise deposited more than ninety days prior to the date of the filing of the petition in bankruptcy constitute valid transfers not avoidable by the trustee in bankruptcy as a preference pursuant to § 547(b). To the extent that funds were deposited into the debtor's garnished bank account within ninety days prior to bankruptcy, those funds would be a preference and may be recovered by the trustee for the benefit of the creditors of the estate.

The Court believes this decision accords with the holding of cases in this district with respect to the garnishment of wages. In *In re Mayo*, 19 B.R. 630 (E.D.Va.1981), the District Court interpreted § 547(e)(3) of the Bankruptcy Code to mean that wages earned by the debtor subsequent to the service of the garnishment summons on the debtor's employer was not a "transfer" until the debtor acquired rights in the property, *i.e.*, the wages were earned. Thus, the District Court held that any wages of the debtor which were earned and subjected to garnishment within ninety days of the date of filing of the petition in bankruptcy was an avoidable preference within the meaning of the Bankruptcy Code. *Id.* at 633. All wages earned prior to the ninety day period were not preferentially transferred and could be properly garnished by the creditor.

Accordingly, in Virginia where there is a continuing lien under a garnishment summons for ninety days, the Bankruptcy Code requires debtors and their creditors to distinguish between property which became subject to the garnishment prior to the preference period and those funds which became subject to the garnishment within the preference period. In the context of the garnishment of wages, the indispensable question is when were the wages

---

**3.** 11 U.S.C. § 547(e)(3). For the purposes of this section, a transfer is not made until the

debtor has acquired rights in the property transferred.

earned. In the context of the garnishment of bank accounts, the indispensable question is when were the funds deposited into the debtor's account. As previously stated, the concept of relation-back relates only to priority of liens and not to when a transfer occurred.

Finally, the trustee argues that in Virginia, a debtor does not lose his interest in garnished funds for purposes of the homestead exemption laws until the return date on the writ when the court orders the funds turned over to the creditor. *In re Baum*, 15 B.R. 538, 5 C.B.C.2d 745 (Bankr. E.D.Va.1981); *Wilson v. United Virginia Bank*, 214 Va. 14, 196 S.E.2d 920 (1973). The trustee contends that the actual physical transfer of the funds to the creditor on the return date is likewise the time of "transfer" for preference purposes within the meaning of the Bankruptcy Code. This Court cannot agree. A transfer within the meaning of state exemption law is not intended to be coincidental with a transfer for purposes of federal bankruptcy law. A transfer for one purpose need not be deemed a transfer for another purpose. Thus, any determination of state law relative to the time of transfer does not control in determining whether or not a preference exists.

In summary, the Court concludes that Ansel P. Simpson, Sr., obtained a valid lien under Virginia law on the bank account of the debtor through garnishment and that the lien in and of itself was not a preference having arisen outside of the preference period. Moreover, all funds present in the debtor's bank account at the Bank of Virginia on the date of service of the garnishment summons and any funds thereafter deposited outside of the ninety day preference period prior to the debtor's filing of her petition in bankruptcy may not be avoided as a preference by the trustee in bankruptcy. However, with respect to whatever funds were deposited into the debtor's bank account, if any, on or within ninety days before the date of the filing of the petition, these funds constitute preferential transfers and should be returned to the trustee as assets of the debtor's estate.

The parties are directed to submit an appropriate Order in conformity with this opinion within ten (10) days of entry of this opinion.