**In re SYED INDUSTRIES CORP., d/b/a Stricoff's Bake Shop, f/k/a Syed Parking Corp., Debtor.**

**SYED INDUSTRIES CORP., d/b/a Stricoff's Bake Shop, f/k/a Syed Parking Corp., Plaintiff,**

**v.**

**Edward I. COHEN, Defendant.**

**Bankruptcy No. 885–51185–18.
Adv. No. 885–0184–18.**

United States Bankruptcy Court,
E.D. New York.

March 25, 1986.

Weiner & Silverman, New York City, for debtor.

Edward I. Cohen, New York City, for defendant.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On October 7, 1985, the plaintiff, in its capacity as debtor-in-possession, commenced an adversary proceeding under 11 U.S.C. § 547(b) seeking to recover payments made to the Sheriff of Nassau County pursuant to an execution the defendant consigned to the Sheriff. The plaintiff asserts that said payments constitute avoidable preferences as having been made within 90 days prior to the bankruptcy filing on July 25, 1985. The defendant takes the position that the payments in question do not fall within the purview of a voidable preference. Rather, the defendant contends that the funds were disbursed in accordance with a judicial lien executed prior to the commencement of the 90 day period, therefore rendering § 547(b) inapplicable.

## DISCUSSION

The plaintiff, as debtor-in-possession, bears the burden of proving the six elements of an avoidable preferential transfer: 1) there was a transfer of property of the debtor; 2) to or for the benefit of the creditor; 3) for or on account of an antecedent debt; 4) made while the debtor was insolvent; 5) within 90 days before the filing of a petition; 6) that enables the creditor to receive more than it would have received if the transfer had not been made and the case were a bankruptcy under Chapter 7. 11 U.S.C. § 547(b); *see, In re Perry,* 48 B.R. 591, 593, 12 C.B.C.2d 927 (Bkrtcy.M.D.Tenn.1985), *In re Cosmopolitan Aviation Corp.,* 34 B.R. 592, 594 (Bkrtcy.E.D.N.Y.1983). At issue is whether the transfer of property in which the plaintiff/debtor had an interest occurred within or outside of the statutory 90-day period.[1]

The preference provisions of 11 U.S.C. § 547 focus on transfers of the debtor's interest in property made prior to the

---

**1.** There is no dispute between the parties that the first, second and third elements of a preference have been met. Although the defendant disputes the plaintiff's contention as to the sixth element, he has failed to aver a substantive pleading on this ground. In addition, the defendant has not rebutted the statutory presumption of 11 U.S.C. § 547(f) that the debtor was insolvent on or during the 90 days preceding the

plaintiff's Chapter 11 filing. *In re Cosmopolitan Aviation Corp.,* 34 B.R. at 594.

The parties have stipulated that the defendant was not an insider. Accordingly, assuming all other requirements of a preference exist, a transfer will be deemed a preference if it were made on or within 90 days of the plaintiff's bankruptcy filing. *Id.*

bankruptcy filing. *In re Perry*, 48 B.R. at 591. The broad language of 11 U.S.C. § 101(48)[2] leaves no doubt that the creation of a judicial lien on property in which the debtor has an interest is a transfer as contemplated by Section 547.[3] *Accord, In re River Front Foods & Beverage Corp.*, 29 B.R. 846, 10 B.C.D. 1007 (Bkrtcy.E.D. Mo.1983). As this court previously construed in *Cosmopolitan Aviation*, a duly docketed judgment becomes a lien under New York State law when an execution is delivered to a Sheriff. 34 B.R. at 595; *see also, In re Archie Campbell, Inc.*, 54 B.R. 116, 117 (D.N.D.1985).

Section 547(e) is specifically concerned with the time at which a transfer is made. A transfer will be deemed effective when it is "perfected" within 10 days. 11 U.S.C. § 547(e)(2). For the purposes of § 547(e), perfection of a transfer of property other than real property occurs "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B).

The application of state law is axiomatic for this court's determination of when the judicial lien was consummated. *In re Cosmopolitan Aviation*, 34 B.R. at 595; *see also, In re Riddervold*, 647 F.2d 342, 7 B.C.D. 921, 4 C.B.C.2d 517 (2d Cir.1981), *Askin Marine Co. v. Conner*, 733 F.2d 1560 (11th Cir.1984), *Matter of Coppie*, 728 F.2d 951, 11 B.C.D. 913 (7th Cir.1984), *In re Jones*, 47 B.R. 786, 12 B.C.D. 1173 (Bkrtcy. E.D.Va.1985), *In re Nealis*, 52 B.R. 329 (Bkrtcy.N.D.Ill.1985), *In re Antinarelli Enterprises, Inc.*, 49 B.R. 412 (Bkrtcy.D. Mass.1985), *In re Tabita*, 38 B.R. 511, 12 B.C.D. 41 (Bkrtcy.E.D.Penn.1984), *In re Perry*, 48 B.R. at 591.

## FINDINGS AND CONCLUSIONS

■ 1) A transfer occurred when the defendant obtained a judicial lien on the plaintiff's interest in personalty. In this case, the defendant properly docketed its judgment obtained against the plaintiff on January 31, 1985. A lien on the debtor's interest in personal property was created when the defendant delivered an execution to the Sheriff pursuant to N.Y.C.P.L.R. § 5232(a).[4] *In re Cosmopolitan Aviation Corp.*, 34 B.R. at 595; *see also, Knapp v. McFarland*, 462 F.2d 935 (2d Cir.1972);

**2.** As 11 U.S.C. § 101(48) provides:

"(48) 'Transfer' means every mode, direct or indirect, absolute or conditional, *voluntary or involuntary*, of disposing of or parting with property or with an interest in property, *including retention of title as a security interest* and foreclosure of the debtor's equity of redemption." (Emphasis added.)

**3.** This conclusion is especially warranted in light of the statutory definitions of the terms "judicial lien" and "lien" as provided in 11 U.S.C. §§ 101(30) and (31), respectively, which indicate that the creation of a judicial lien is, in fact, a retention of title as a security interest. Similarly, this court noted in *Cosmopolitan Aviation* that the Sheriff's levy on a debtor's property also falls clearly within the statutory definition of a "transfer." 34 B.R. at 594.

**4.** Subsequent to this service, the Sheriff then levies upon the plaintiff's personalty by serving the garnishee with a copy of the execution. N.Y.C.P.L.R. § 5232(a). The *sine qua non* of the Sheriff's levy is that at the time the garnishee is served, the garnishee must owe a debt to the judgment debtor or have possession of property in which the judgment debtor has an interest. Where the garnishee and judgment debtor are the same entity, as in this case, this requisite

would clearly be satisfied. *See generally,* Siegel, Handbook on New York Practice § 496 at 672–74 (1978).

The garnishee is proscribed from transferring its interest in the encumbered property to any one other than the Sheriff for 90 days after it is served with a copy of the execution. If the garnishee voluntarily transfers the judgment debtor's personalty to the Sheriff within this statutory period, the levy will be deemed "perfected," or preserved for enforcement against the garnishee. Siegel at 673.

The parties herein have not indicated to this court the date on which the Sheriff served the plaintiff. However, this court notes that the first payment to the Sheriff was made on May 3, 1985, clearly within 90 days of the defendant's delivery to the Sheriff, which procedurally precedes the Sheriff's levy. Therefore, the levy was perfected within the statutory time frame, and did not become void at the end of the 90 day period. *Id.* The plaintiff's subsequent voluntary payments to the Sheriff outside of this 90-day period do not disengage these transfers from the judgment lien and levy to which the payments relate. *Id.* at 674. Consequently, the plaintiff has no procedural grounds under the New York C.P.L.R. for the avoidance of the payments in question.

*Adler v. Greenfield,* 83 F.2d 955 (2d Cir. 1936); *Corrigan v. United States Fire Insurance Company,* 427 F.Supp. 940 (S.D. N.Y.1977); *In re Lucasa International Ltd.,* 13 B.R. 596, 4 C.B.C.2d 1190, 7 B.C.D. 1356 (Bkrtcy.S.D.N.Y.1981). *Art-Camera-Pix, Inc. v. Cinecom Corp.,* 64 Misc.2d 764, 315 N.Y.S.2d 991 (S.Ct.N.Y.Co.1970).

2) The transfer was simultaneously perfected for the purposes of § 547(e)(1)(B) when the defendant delivered the execution to the Sheriff. Upon the creation of the judicial lien, the defendant became the holder of rights which were superior, to the extent of the amount of the execution: a) to the rights of any transferee, b) with the exception of only the bona fide purchaser who acquires the debtor's property either prior to or without knowledge of the levy.[5] N.Y.C.P.L.R. § 5202(a).

3) The date the transfer was made is deemed to be February 4, 1985, when the execution was consigned to the Sheriff by the defendant.

4) The transfer occurred well before 90 days prior to the plaintiff's bankruptcy filing on July 25, 1985.

In accordance with the above, the plaintiff's payment of funds to the Sheriff on May 3, May 22, May 29, and June 20, 1985, in the total sum of $2,910.11, pursuant to the judicial lien created on February 4, 1985, in the defendant's favor, may not be avoided by the debtor-in-possession as a preferential transfer. The plaintiff's action under 11 U.S.C. § 547 is hereby dismissed.

It is SO ORDERED.

---

**5.** This court observed in *Cosmopolitan Aviation* that the trustee does not have the rights of a bona fide purchaser of personalty. 34 B.R. at 596. Consequently, the plaintiff as debtor-in-possession would be unable to assert its avoidance powers under 11 U.S.C. § 544 to obtain a priority lien over the defendant. *See, Ledford v. Easy Living Furniture,* 52 B.R. 706, 709 (Bkrtcy. S.D.Ohio 1985).