**In re Robert K. MARCECA, Debtor.**

**Barbara BALABER–STRAUSS, as Trustee for the Estate of Robert K. Marceca, Plaintiff,**

v.

**MARINE MIDLAND BANK, N.A., Defendant.**

**Bankruptcy No. 90 B 20782.**

**No. 91 ADV. 6068.**

United States Bankruptcy Court, S.D. New York.

July 25, 1991.

Thacher Proffitt & Wood, New York City, for trustee.

Lane & Mittendorf, New York City, for Marine Midland Bank, N.A.

**DECISION ON MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF COUNTERCLAIM**

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy in this Chapter 7 case has moved to dismiss the counterclaim of defendant, Marine Midland Bank (N.A.) ("Marine"), as legally insufficient pursuant to Fed.R.Civ.P. 12(b)(6). Marine's counterclaim to the trustee's adversary action to set aside an alleged preferential transfer asserts that Marine obtained a judicial lien when it delivered an execution to the Sheriff of New York County on May 4, 1990 with respect to its $559,525.16 state court judgment against the debtor. The trustee contends that Marine did not obtain

a judicial lien against the debtor's property because the Sheriff failed to effect a levy against the debtor's property. Therefore, the trustee contends that Marine failed to perfect its judicial lien, so that the trustee may set aside Marine's unperfected interest pursuant to the so-called strong-arm powers granted to a trustee in bankruptcy under 11 U.S.C. § 544(a).

## FACTS

1. On August 14, 1990, the debtor, Robert K. Marceca, filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee in bankruptcy was subsequently appointed and qualified on October 17, 1990.

2. Prior to May 4, 1990, Marine obtained a state court judgment against the debtor in the sum of $559,525.16. On May 4, 1990, Marine delivered an execution to the Sheriff of New York County with respect to its judgment. The Sheriff did not levy on any of the debtor's property before the debtor filed his petition on August 14, 1990.

3. Marine has asserted a counterclaim in response to the trustee's preference action and contends that it acquired a judicial lien against the debtor more than 90 days before the debtor filed its Chapter 7 case.

## DISCUSSION

Marine's interest in property of this estate must be determined under the laws of New York State. *Butner v. United States* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under § 5202 of the New York Civil Practice Law and Rules, where a judgment creditor has delivered an execution to a sheriff, the judgment creditor's rights in a debt owed to the judgment creditor or in an interest of the judgment creditor in personal property "are superior to the rights of any transferee other than a transferee who acquired the debt or personal property for fair consideration before it was levied upon." Thus, the judgment creditor acquires a lien on personal property of the debtor when the execution is delivered to the sheriff. *In re Syed Industries Corp.,* 58 B.R. 920 (Bankr.

E.D.N.Y.1986); *In re Cosmopolitan Aviation Corp.,* 34 B.R. 592 (Bankr. E.D.N.Y.1873); *In re Lucasa International Ltd.,* 13 B.R. 596 (Bankr.S.D.N.Y.1981). In view of the fact that 11 U.S.C. § 544(a) does not empower a trustee in bankruptcy to assert the rights of a hypothetical bona fide purchaser of personal property, it follows that Marine's lien rights as a transferee of the debtor's personal property pursuant to § 5202 of the New York Civil Practice Law and Rules are superior to the rights of the trustee in bankruptcy as to the debtor's personal property as of the commencement of this Chapter 7 case.

That the Sheriff did not thereafter levy on the debtor's personal property does not detract from the fact that Marine occupied the status of a lien creditor, and not an unsecured general creditor, when the debtor filed his Chapter 7 case. The fact that a subsequent execution creditor might have levied on the debtor's property had there been no Chapter 7 case and that such levy might have attained priority over a non-levying execution lien creditor, is of no significance in the context of the trustee's standing to set aside Marine's lien claim. A trustee's powers under 11 U.S.C. § 544(a) are limited to those stated therein. The trustee may assert the rights of a judicial lien creditor, an execution lien creditor or a bona fide purchaser of real property as of the commencement of the bankruptcy case. The execution lien creditor who levied on personal property may have priority as to the levied property over another execution creditor who has not levied. However, the issue between the trustee in bankruptcy and Marine is not one of priority in distribution of assets. The trustee reasons that she may set aside Marine's lien status. The trustee does not occupy the enhanced status of an execution creditor who has levied on property of the debtor. There is no language in 11 U.S.C. § 544(a) that accords the trustee this additional priority. As a hypothetical judicial lien or execution lien creditor at the commencement of this case, the trustee may not set aside Marine's previously obtained execution lien which is recognized under

§ 5202 of the New York Civil Practice Law and Rules as a result of Marine's delivery of an execution to the Sheriff of New York County on May 4, 1990.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(F) and (K).

2. The trustee in bankruptcy may not set aside Marine's execution lien obtained pursuant to § 5202 of the New York Civil Practice Law and Rules.

3. The trustee's motion to dismiss Marine's counterclaim is denied.

SETTLE ORDER on notice.